136 N.J. Super. 344 (1975)
346 A.2d 406
IN THE MATTER OF SHEILA CARR, DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted September 23, 1975.
Decided October 6, 1975.
*345 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. John R. Scott, attorney for appellants Willie and Vivian Carr.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent New Jersey Violent Crimes Compensation Board (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Ms. Carla Vivian Bello, Deputy Attorney General, on the brief).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Appellants are the parents of Sheila Carr, a nine-year-old girl who was the victim of a rape-murder. They applied to the Violent Crimes Compensation Board pursuant to the provisions of the Criminal Injuries Compensation Act of 1971, N.J.S.A. 52:4B-1 et seq., for compensation for her death. The board made an allowance of $455.50 to cover the funeral bill. The parents, by this appeal, seek a remand to the board with a directive from this court that their claim for damages for the death of their daughter be evaluated on the same basis as pecuniary loss is determined when claims are made by parents for the *346 death of a child under the Wrongful Death Act, N.J.S.A. 2A:31-1 et seq.
The Criminal Injuries Compensation Act of 1971 was passed to provide some measure of compensation[1] to innocent victims of crime in certain cases. The statute provides, "The board may order the payment of compensation under this act for: * * * (c) pecuniary loss to the dependents of the deceased victim, and (d) any other pecuniary loss resulting from the personal injury or death of the victim which the board determines to be reasonable." N.J.S.A. 52:4B-12.
In the event of the death of the victim an award may be made by the board "to or for the benefit of the dependents of the deceased victim." N.J.S.A. 52:4B-10(c).
"Dependents" are defined as "such relatives of a deceased victim as were wholly or partially dependent upon his income at the time of his death * * *." N.J.S.A. 52:4B-2.
It is clear that an award of damages is only to be made to or for the benefit of "dependents of the deceased victim." Since appellants were not wholly or partially dependent upon the income of Sheila at the time of her death, under the plain terms of the statute they were not entitled to an award.
Appellants refer to N.J.S.A. 52:4B-9, which provides in part as follows:
* * * In determining the amounts of compensation payable pursuant to this act the board shall insofar as practicable formulate standards for uniform application of this act and shall take into consideration rates and amounts of compensation payable for injuries and death under other laws of this State and of the United States and the availability of funds appropriated for the purposes of this act.
They then argue that the effect of this section is to incorporate into this Criminal Injuries Compensation Act the *347 measure of damages established in the Wrongful Death Act, N.J.S.A. 2A:31-5[2]. We disagree.
Had the Legislature intended that the board should measure damages under this act in the same manner as damages have been measured for many years under the Wrongful Death Act, they would have said so. By the restrictive definition of "dependents" incorporated in the act (N.J.S.A. 52:4B-2) and the inclusion of the provision that payment of compensation benefits thereunder are to be made "to or for the benefit of the dependents of the deceased victim" (N.J.S.A. 52:4B-10(c)), the Legislature expressed a contrary intent[3].
Affirmed.
NOTES
[1] The recovery under the statute is limited to a maximum of $10,000. N.J.S.A. 52:4B-18.
[2] N.J.S.A. 2A:31-5 provides: "In every action brought under the provisions of this chapter the jury may give such damages as they shall deem fair and just with reference to the pecuniary injuries resulting from such death, together with the hospital, medical and funeral expenses incurred for the deceased, to the persons entitled to any intestate personal property of the decedent."
[3] Compare N.J.S.A. 2A:31-4 which provides: "The amount recovered in proceedings under this chapter shall be for the exclusive benefit of the persons entitled to take any intestate personal property of the decedent, and in the proportions in which they are entitled to take the same. If any of the persons so entitled were dependent on the decedent at his death, they shall take the same as though they were sole persons so entitled, in such proportions, as shall be determined by the court without a jury, and as will result in a fair and equitable apportionment of the amount recovered, among them, taking into account in such determination, but not limited necessarily thereby, the age of the dependents, their physical and mental condition, the necessity or desirability of providing them with educational facilities, their financial condition and the availability to them of other means of support, present and future, and any other relevant factors which will contribute to a fair and equitable apportionment of the amount recovered."